United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM DANIEL BROWDER, TDCJ #00549674, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:14-CV-177 CIVIL ACTION NO. 3:14-CV-353 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner William Daniel Browder (TDCJ #00549674) has filed three petitions for a writ of habeas corpus challenging the revocation of his parole. The Court has consolidated those petitions into the earliest-filed case, Case Number 3:14-CV-177 (Dkt. 48). Respondent Lorie Davis has filed a motion for summary judgment accompanied by the appropriate state-court records (Dkt. 57 and Dkt. 58). Browder has responded (Dkt. 61 and Dkt. 62). The Court has reviewed all of the pleadings, the record, and the applicable law and will grant the Respondent's motion.

### I.   BACKGROUND

Browder was released on parole on June 30, 2010 (Dkt. 58-2 at p. 3). On June 6, 2014, a hearing officer of the Texas Board of Pardons and Paroles presided over a hearing to revoke Browder's parole at which Browder and his appointed attorney were present (Dkt. 58-3 at pp. 2–3). Browder's parole was revoked on June 18, 2014 for failure to report as instructed; traveling outside of the state of Texas without permission; and

committing new crimes (Dkt. 58-2 at pp. 3–4; Dkt. 58-3 at pp. 2–3; Dkt. 58-4 at pp. 2–4). Browder admitted at the revocation hearing that he fled to New Mexico (he had little choice but to admit it—he was arrested there) (Dkt. 58-2 at p. 5; Dkt. 58-3 at pp. 10–11). Browder also admitted at the hearing that, while in New Mexico, he pled guilty to charges of forgery and identity theft that apparently stemmed from an attempt to pass himself off as his brother (Dkt. 58-3 at pp. 4–12).

Before the revocation, Browder was transferred from New Mexico to Texas Department of Criminal Justice ("TDCJ") custody pursuant to a pre-revocation warrant (Dkt. 58-2 at p. 5). On May 23, 2014, while in TDCJ custody, he completed a petition for a writ of habeas corpus for filing in Texas state court (Dkt. 57-11 at p. 20). It is not clear (and not relevant) when Browder mailed the petition, but the appropriate district attorney received it on June 9, 2014 and the Texas Court of Criminal Appeals ("TCCA") received it on June 18, 2014 (Dkt. 57-11 at pp. 2, 36). In his state habeas petition, Browder argued that he was entitled to immediate release because, although he had been in TDCJ custody on the pre-revocation warrant for over 100 days, he had not received either a preliminary hearing or a parole revocation hearing (Dkt. 57-11 at pp. 9–18). *See* TEX. GOV'T CODE §§ 508.2811, 508.282.[1] By the time the TCCA received the habeas petition, however, Browder had received a formal revocation hearing and his parole had been revoked. The

---

[1] As relevant to Browder's contentions, Section 508.2811 of the Texas Government Code generally requires the Parole Board or a designee to "provide within a reasonable time . . . a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release[.]" Section 508.282 generally requires that the Board or a designee "dispose of the charges against an inmate or person" within 41 days of the execution of a pre-revocation warrant.

TCCA dismissed Browder's petition as moot on July 9, 2014 (Dkt. 57-3). *See* TCCA Case Number WR-23,119-02.

In his response to the Respondent's motion for summary judgment, Browder argues, just as he did to the TCCA, that the State's noncompliance with sections 508.2811 and 508.282 of the Texas Government Code mandates his release. He adds the contention that the TCCA improperly dismissed his state habeas petition, although he does not address the TCCA's conclusion that his petition was moot (Dkt. 61 and Dkt. 62).

## II.   **<u>STANDARDS OF REVIEW</u>**

### A.   **Habeas Corpus**

Browder's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). The intent of the AEDPA is to avoid federal habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." *Bell v. Cone*, 122 S. Ct. 1843, 1849 (2002).

The provisions of Section 2254(d) create a highly deferential standard, thereby demanding that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

"Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." *Martin v. Cain*, 246 F.3d 471, 475–76 (5th Cir. 2001) (quotation marks omitted).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. *Early v. Packard*, 123 S. Ct. 362, 365 (2002). A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). To be an unreasonable application of federal law, the state decision must be objectively unreasonable and more than simply incorrect or erroneous. *Lockyer v. Andrade*, 123 S. Ct. 1166, 1174 (2003).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. *Williams*, 120 S. Ct. at 1522. In reviewing a federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If a petitioner has not exhausted the remedies available in the state courts, the court reviewing the federal habeas petition may still deny the federal habeas claims on their merits. 28 U.S.C. § 2254(b)(2).

### B. Summary Judgment

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986). The moving party has the responsibility of informing the court of the basis for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate that there is no genuine issue of material fact. *Celotex*, 106 S. Ct. at 2553. In response, the nonmovant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial. *Id.* If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c).

Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The rule, however, only applies to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds*, *Tennard v. Dretke*, 124 S. Ct. 2562 (2004). Generally, in ruling on a motion for summary judgment, the court resolves any doubts and draws any inferences in favor of the

nonmoving party—*Hunt v. Cromartie*, 119 S. Ct. 1545, 1551–52 (1999)—but 28 U.S.C. § 2254(e)(1) commands that factual findings of the state court are to be presumed correct. Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule. *Smith*, 311 F.3d at 668. The petitioner is required to rebut the presumption of correctness by clear and convincing evidence; otherwise, the court will presume the factual determination of the state court is correct. *Id.*; 28 U.S.C. § 2254(e)(1).

### III.   PAROLE REVOCATION

Browder has not shown entitlement to federal habeas relief based on his parole revocation proceedings. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a Constitutional violation in order to prevail. Even if there has been a Constitutional violation, habeas relief is not appropriate unless that violation had a "substantial and injurious effect or influence" in determining the outcome of the proceeding. *Fry v. Pliler*, 551 U.S. 112, 121–22 (2007); *Brecht*, 507 U.S. at 631.

Certain minimum requirements of due process apply in parole revocation proceedings. A revocation procedure must provide: (1) written notice of the violations charged; (2) disclosure to the parolee of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to

confront and cross-examine adverse witnesses unless the hearing officer finds good cause for disallowing such confrontation; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders identifying the evidence and reasons supporting the revocation decision. *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999). And "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Id.* at 305. Browder does not argue, and the record does not show, that he was denied any of the required procedural safeguards at his revocation hearing. He was represented by counsel, and although he admitted to his conduct he was allowed to offer mitigating evidence (mainly his own testimony), which the hearing officer considered (Dkt. 58-3 at pp. 3–12).

Browder seems to think that the State's failure to comply with sections 508.2811 and 508.282 of the Texas Government Code automatically entitles him to federal habeas relief. But Browder is mistaken, even assuming the State's noncompliance. Browder does not link the State's actions to any violations of his federal Constitutional rights, and "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quotation marks omitted). Even if the cited Texas Government Code provisions can be considered state-created rights protected by the Fourteenth Amendment's Due Process clause (and the Court is not saying that they are), the State's mere noncompliance is not enough: Browder still must meet *Fry*'s "substantial and injurious effect or influence" standard. *See Williams v. Quarterman*, 307 Fed. App'x 790, 793–94 (5th Cir. 2009) (applying *Fry* standard in federal habeas proceeding arising out of

parole revocation). In the same vein, under the Supreme Court's parole-revocation precedent, an "unreasonable delay" in revocation proceedings can establish a due process violation, but only if the petitioner can show that the delay caused him actual prejudice. *Baca v. Owens*, 293 Fed. App'x 247, 251 (5th Cir. 2008); *Villarreal v. United States Parole Commission*, 985 F.2d 835, 837 (5th Cir. 1993). Moreover, the failure to provide a preliminary hearing will not provide a basis for habeas relief if the parolee was afforded, as Browder was, a Constitutionally adequate evidentiary hearing with counsel present before the revocation of his parole became final. *Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979).

Browder has made no showing of prejudice or of substantial injurious effect stemming from the State's alleged conduct. He does not, for instance, show that he lost the opportunity to present evidence in his defense, nor does he show that he would not have admitted to his parole violations but for the State's conduct. And Browder's admissions were largely redundant anyway—he was arrested in another state and pled guilty to crimes there. There is no indication in this record that holding a preliminary hearing or holding the revocation hearing earlier would have made any difference whatsoever in the outcome of the revocation proceedings. The alleged statutory violations, even if they occurred, do not provide a basis for federal habeas relief.

## IV.   CONDUCT OF THE TCCA

Browder also contends that he is entitled to habeas relief because the TCCA improperly disposed of his state habeas petition (Dkt. 62). The TCCA dismissed Browder's petition as moot, presumably because Browder received a formal revocation

hearing just after he filed it. Whatever the TCCA's rationale was, Browder is not entitled to federal habeas relief. "[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). A state has no Constitutional duty to provide post-conviction remedies. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987).

The Court will grant the Respondent's motion for summary judgment.

## V.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## VI.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.   The Respondent's motion for summary judgment (Dkt. 58) is **GRANTED.** All other pending motions are **DENIED** as moot.

2.   The consolidated habeas petitions are **DISMISSED WITH PREJUDICE.**

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____January 17_____, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE
